OFFICE OF THE CLERK

**MARCIA M. WALDRON**  UNITED STATES COURT OF APPEALS   TELEPHONE
CLERK   FOR THE THIRD CIRCUIT   215-597-2995
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

July 25, 2006

Peter T. Dalleo, Clerk
United States District Court
J. Caleb Boggs Federal Building
Lockbox 18
844 King Street
Wilmington, DE 19801-3570

Re: Bacon v. Minner, et al
D. Del. No. 06-cv-0254-JJF

Dear Mr. Dalleo:

Pursuant to Rule 4(d), Federal Rules of Appellate Procedure, and Rule 3.4, Third Circuit Local Appellate Rules, we are forwarding the attached Motion for Appointment of Counsel and application for Certificate of Appealability which should be construed as a notice of appeal which was filed with this office in error. See Rule 3(a)(1), Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. **These documents were postmarked July 22, 2006 and should be docketed as of that date.**

These documents are being forwarded solely to protect the litigant's right to appeal as required by the Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. Upon receipt of these documents, kindly process them according to your Court's normal procedures. If your office has already received these same documents, please disregard the enclosed copy to prevent duplication.

Additional documents which were submitted with those being forwarded are being returned to the litigant so that they can be filed with a joint appendix.

Pursuant to Rule 3(a)(1), Federal Rules of Appellate Procedure, a notice of appeal must be filed with the Clerk of the District Court. This Court may not act on an appeal until the notice has been docketed in the District Court and certified to this Court by the District Court Clerk.

Thank you for your assistance in this matter.

Very truly yours,

Marcia M. Waldron, Clerk

By: /s/ Bradford A. Baldus
Bradford A. Baldus
Senior Legal Advisor to the Clerk

Enclosure
cc: Devearl L. Bacon SBI #221242

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

<u>Devearl L. Bacon</u>
Appellant

v.

<u>Gov. Ruth Ann Minner</u>
Appellee

No. <u>06-254-JJF</u>

## MOTION FOR APPOINTMENT OF COUNSEL

  **COMES NOW,** the Appellant, <u>Devearl L. Bacon</u>, pro se, and moves this Honorable Court for the Appointment of Counsel, to represent Appellant.

  In support of this Motion Appellant states that the following is true and correct, to the best of his knowledge and belief:

  1.  Appellant is incarcerated

  2.  Appellant is unskilled in the law.

  3.  The administration at the Delaware Correctional Center where Appellant is held limits the days and times that Appellant is allowed access to the law library.

  4.  Appointment of counsel would serve "the best interests of justice" in this case.

  **WHEREFORE,** Appellant prays this Honorable Court appoint counsel to represent the Appellant.

DATE: <u>July 20, 2006</u>

Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

UNITED STATES COURT OF APPEALS
FOR THE 3rd CIRCUIT

JEVEARL L. BACON

Plaintiff - Appellee,

v.

Defendant - Appellant.

Case No. 06-254-JJF

Application for Certificate of Appealability

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using these standards:

**Certificate of Appealability.** There must be a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. 28 U.S.C. § 2253(c); <u>Lennox v. Evans</u>, 87 F.3d 431 (10th Cir. 1996).

**FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

1. **Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.) Plaintiff brought 7 claims against DCC prison (Delaware). Plaintiff sought Class Action. This is not Plaintiff's first District Court Claims. District Court dismissed all 7 Counts. Plaintiff (Oje) objects for Reasons that Complaint could been Amended + Jury would believe "Cons. Violations" at a Trial

2. **Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.) Plaintiff bases all 7 claims on cases from "Federal Prisoners Rights" 3 Vol. Cases. Plaintiff can give showing of Constitutional Violations, if given chance to apply "Case sites" with Issues, by Amendment and Pre-Trial Discovery.

3. **Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.**
Plaintiff (Appellee) has Raise Consititutional Violation at 1983 District Court (Respectfully) didn't Apply it's Dicision correctly to Plaintiff's Raised Claims. A jury would Reasonably agree with Plaintiff Claims of Cons. Prejudice which He Suffered from "with" Case Law if given the Chance Applyed or Amended to Original Claims.
(See Exhibit B)

COA-1 Application for Certificate of Appealability 1/99        Page 2

4. **Do you think the district court applied the wrong law? If so, what law do you want applied?** CASES which OTHER INMATES RAISE ON such Claims AS Plaintiff HAVE WON IN 3rd Cir AND US Courts. Plaintiff's Asserts District Court Applied wrong law. (SEE exhibit A)

5. **Did the district court incorrectly decide the facts? If so, what facts?** All 7 Counts Could (AND WAS) HAVE BEEN Amended to ORIGINAL Complaint. Each of 7 Claims brought Against D.C.C. (del) was All based ON D.C.C. Prisons "OWN" Policy's. Plaintiff RAISED Claims with foundation of Prison Violated it's OWN Policy's.

6. **Did the district court fail to consider important grounds for relief? If so, what grounds?** When District Court stated "Amendment of the Complaint would be futile". (SEE Exh. A, pg. 20) Plaintiff could overcome A bar "if standards for where not ment". With An Amendment.

7. **Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?** Plaintiff's 1983 FORM WAS ASSERTED with Exhibit's to show Prison Violated it's own Policy's. Plaintiff with CASE LAW, Amendments, And Exhibit's would be enough for A Jury to find that Plaintiff's Constitutional Violations have been Violated. Plaintiff Also sought for Class Action District Court stated "is inadequate to Represent the interests of His fellow inmates in class action" (pg. 21) Plaintiff would have filed for Appointment of Counsel

COA-1 Application for Certificate of Appealability 1/99       Page 3

District Court MEMORANDUM (Exhibit A) gives A showing of Arguments And Constitutional Violations which Plaintiff Suffered A Review from 3rd Cir Court with "Further Detail" with Plaintiff's 1983 Exhibits will show A "REASONABLE Jurist" would AGREE that Prison's Violated Plaintiff's Cons. Rights And Court Applied Wrong wrong Laws.

8. What action do you want this court to take in your case? HAVE AN REVIEW OF All 7 Claims AND REVIEW Plaintiff's Side OF Issues REVERSE Issues which Plaintiff CAN demonstrate infront of A Jury. GRANT AN Counsel for such AN hearing so Plaintiff CAN Aid Counsel ON Plaintiff 7 Claims.

9. Were you required to seek and exhaust administrative remedies prior to filing your claim in district court? If yes, what steps did you take to exhaust those remedies? All Claims where Exhausted - Defendant's had burden to prove that they wasn't.



July 20, 2006
Date                                         Signature

## CERTIFICATE OF SERVICE

I hereby certify that on <u>Sevearl Bacon</u> I mailed a copy of
(date)
the Certificate of Appealability:

to <u>Attorney General</u>, at <u>820 N. French St.</u>

<u>Wilmington, Delaware</u>, the last known address,
by way of United States mail or courier.

<u>July 20, 2006</u>
Date                     Signature

COA-1 Application for Certificate of Appealability 1/99                Page 5