**BLD-168**

### UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

NO. 06-3594

DEVEARL L. BACON,
Appellant

vs.

GOVERNOR RUTH ANN MINNER; COMMISSIONER STAN TAYLOR; WARDEN
CARROLL; DEPUTY WARDEN BURRIS; DEPUTY WARDEN MCGUIGAN;
SECURITY SUPER. CUNNINGHAM; SECURITY SUPER. HOLMAN; SERVICE
MANAGER HUDSON; TREATMENT ADMIN. HOSTERMAN; S/LT. WILLIAMS;
S/LT. RAMONE TAYLOR; S/LT. PROFACI; LT. BOONE; LT. PORTER;
INVESTIGATOR DRAKE; LEGAL SERVICES MIKE LITTLE; SGT. T. DRACE;
SGT. KRUMPLER; C/O MORGAN; CORPORAL L.M. MERSON; C/O PARKS; C/O
WELLS; C/O STEPHEN MCCLAIN; CASSANDRA ARNOLD; CINDY ATTLIAN;
TODD KRAMER; JAYME JACKSON; LT. SEACORD

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00254)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 22, 2007
Before: MCKEE, FUENTES and WEIS, CIRCUIT JUDGES

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B) or possible summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court entered July 18, 2006, be and the same is hereby AFFIRMED. All of the above in accordance with the opinion of this court.

ATTEST:


/s/Marcia M. Waldron
Clerk

DATED: April 19, 2007



A True Copy:

*Marcia M. Waldron*

Marcia M. Waldron, Clerk


Certified as a true copy and issued in lieu
of a formal mandate on 5/11/07    Tmm

*Marcia M. Waldron*

Teste:
Clerk, U.S. Court of Appeals for the Third Circuit

BLD-168                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3594

_____

DEVEARL L. BACON,
Appellant

vs.

GOVERNOR RUTH ANN MINNER; COMMISSIONER STAN TAYLOR; WARDEN
CARROLL; DEPUTY WARDEN BURRIS; DEPUTY WARDEN MCGUIGAN;
SECURITY SUPER. CUNNINGHAM; SECURITY SUPER. HOLMAN; SERVICE
MANAGER HUDSON; TREATMENT ADMIN. HOSTERMAN; S/LT. WILLIAMS;
S/LT. RAMONE TAYLOR; S/LT. PROFACI; LT. BOONE; LT. PORTER;
INVESTIGATOR DRAKE; LEGAL SERVICES MIKE LITTLE; SGT. T. DRACE;
SGT. KRUMPLER; C/O MORGAN; CORPORAL L.M. MERSON; C/O PARKS; C/O
WELLS; C/O STEPHEN MCCLAIN; CASSANDRA ARNOLD; CINDY ATTLIAN;
TODD KRAMER; JAYME JACKSON; LT. SEACORD

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00254)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 22, 2007
Before: MCKEE, FUENTES and WEIS, <u>CIRCUIT JUDGES</u>
(Filed  April 19, 2007)

1

————————————————

OPINION

————————————————

PER CURIAM.

Devearl L. Bacon appeals from the district court's order dismissing his civil rights action brought under 42 U.S.C. § 1983.  For the following reasons, we will summarily affirm the district court's order.

Bacon is, and at all relevant times was, an inmate at the Delaware Correctional Center housed in the medium-high security housing unit ("MHU").  On April 19, 2006, Bacon filed a seven-count civil rights complaint with the district court.  Bacon specifically alleged the following: (1) embezzlement on the part of prison staff; (2) injury as a result of the racial and sexual discrimination directed at female correctional officers and nursing staff; (3) sexual harassment; (4) unfair and arbitrary rules concerning the conditions of his confinement; (5) lack of jobs and group assignments; (6) inadequate grievance procedures; and (7) inadequate conditions of confinement.  Bacon was granted in forma pauperis status pursuant to 28 U.S.C. § 1915.   On July 18, 2006, carrying out its obligation to screen Bacon's complaint under 28 U.S.C. § 1915A(a),  the district court entered an order dismissing Bacon's complaint for failing to state a claim upon which relief could be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6).  Bacon, again proceeding pro se, filed a timely

notice of appeal.[1]  Because this appeal presents us with no "substantial question," we will summarily affirm the district court's order for the reasons contained herein.  See 3d Cir. LAR 27.4 and I.O.P. 10.6.

        The district court properly dismissed Bacon's claims.  First, Bacon failed to establish a constitutional violation based upon the underlying classification program itself, his housing assignment, or the unavailability of jobs or programs.  "A protected liberty interest may arise from only one of two sources: the Due Process Clause or the laws of a state."  Asquith v. Dep't of Corr., 186 F.3d 407, 409 (3d Cir. 1999).  Generally, prisoners under confinement do not have inherent liberty interests in particular modes, places, or features of confinement.  See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983), abrogated by Sandin v. Conner, 515 U.S. 472, 483 (1995).  The Supreme Court has consistently held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not itself subject an inmate's treatment by prison authorities to judicial oversight."  Id. at 468; see also Asquith, 186 F.3d at 410.

_____

        [1]  This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.  Our review of the district court's dismissal order is plenary.  See Allah v. Seiverling, 229 F.3d 220, 222 (3d Cir. 2000).  Accordingly, "we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

We agree with the district court that Bacon has no liberty interest arising from the Due Process Clause itself.  As noted, however, the Due Process Clause also protects liberty interests created by the laws or regulations of a state.  See Sandin, 515 U.S. at 484.  But, "an examination of a state statute or regulation should not be conducted unless the challenged restraint on freedom 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  Allah, 229 F.3d at 223; see also Smith v. Mensinger, 293 F.3d 641, 652 (3d Cir. 2002).  Further, "the baseline for determining what is 'atypical and significant'-the 'ordinary incidents of prison life'-is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law."  Asquith, 186 F.3d at 412 (quoting Griffin v. Vaughn, 112 F.3d 703, 706 & n.2 (3d Cir. 1997)).  Delaware's classification scheme and housing arrangements can hardly be characterized as the type of hardships warranting due process protection and are not atypical of the ordinary incidents of daily prison life.  Thus, we agree with the district court that Bacon was not deprived of any state-created liberty interests.

Second, Bacon's bald allegations regarding racial discrimination within the DOC's classification system were properly dismissed by the district court.  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Equal Protection Clause requires that "all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler

4

v. Doe, 457 U.S. 202, 216 (1982)).  Construing Bacon's complaint in his favor, we agree with the district court that he has failed to allege anything more than mere discriminatory impact.  Absent more, as the district court noted, an allegation of mere discriminatory impact is insufficient to establish an infringement of Bacon's constitutional rights.  See Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-65 (1977) (internal citation omitted).  Thus, the district court properly dismissed this argument for failing to state a claim upon which relief could be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

Third, the district court properly dismissed Bacon's conditions of confinement claims.  In his complaint, Bacon alleged that the conditions of his confinement were deficient, under the Eighth Amendment, for the following reasons: (1) recreation time within the prison was reduced, without notice, and halted completely during emergency lockdowns; and (2) the pattern of lighting within the prison changed, without notice, and was oppressive.  "Prison conditions may amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs . . . . [that] deprive inmates of the minimal civilized measure of life's necessities.' . . . To demonstrate a deprivation of his basic human needs, a plaintiff must show a sufficiently serious objective deprivation, and that a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference."  Tillman v. Lebanon County Corr. Facility,  221 F.3d 410, 418 (3d Cir. 2000) (internal citations omitted).

Bacon's allegations concerning the conditions of confinement were not objectively serious enough to warrant constitutional protection.  With regard to exercise,

5

Bacon merely alleged a change, and subsequent reduction, in the recreation schedule at

the DOC rather than a complete elimination of exercise for inmates—save for emergency

lockdown situations.  While the denial of exercise may, in certain instances, rise to the

level of an Eighth Amendment violation, such was not the case here.  Cf. Wishon v.

Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (forty-five minutes of exercise per week not

constitutionally infirm); see also Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir.

1989) (holding denial of outdoor recreation for thirteen days not cruel and unusual

punishment).

        Bacon's claim concerning the pattern of lighting within the DOC was

equally insufficient.  Specifically, Bacon alleged that the lights in the MHU were turned

on between the hours of 8:30 a.m and 11:30 p.m. and turned off for the remainder of the

day and night.  During the period when the lights were officially off, however, Bacon

alleged that they were turned on for 15 minutes to distribute medication and again for

more than 2 hours (4:45 a.m. to 7:00 a.m.) when the inmates were taken to the dining area

for breakfast.  Other circuits have held that the constitutional requirement of adequate

shelter for an inmate includes the provision of adequate lighting.  See Hoptowit v.

Spellman, 753 F.2d 779, 783 (9th Cir. 1985).  Further, courts have noted that "[t]here is

no legitimate penological justification for requiring [inmates] to suffer physical and

psychological harm by living in constant illumination."  LeMaire v. Maass, 745 F. Supp.

623, 636 (D. Or. 1990), vacated on other grounds by 12 F.3d 1444, 1458-59 (9th Cir.

1993); see also Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (holding that an

allegation "that large florescent lights directly in front of and behind [an inmate's] cell

shone into his cell 24 hours a day, so that his cell was 'constantly illuminated, and [he]

had no way of telling night or day,' and that this condition caused him 'grave sleeping

problems' and other mental and psychological problems" was sufficient to state a claim of

cruel and unusual punishment).  Bacon, on the other hand, has not alleged that he is

subject to constant illumination, or that he has suffered any significant medical condition

as a result of the pattern of lighting in his cell.  Nor is the pattern he describes objectively

serious enough to warrant inquiry under the Eighth Amendment.  Thus, the district court

correctly dismissed his claim.

Given our preceding discussion, it is inconceivable that Bacon could have

supplemented the deficiencies within his complaint as any amendments to his filings

would have proven futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d

Cir. 2002); see also Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000).

We have considered the remaining arguments Bacon made before the

district court and find them to be similarly deficient.  See 28 U.S.C. 1915(e)(2)(B)(ii).

Even in light of the less stringent standards applied to pro se complaints, Bacon failed to

allege sufficient facts to survive a dismissal for failure to state a claim.  See Estelle v.

Gamble, 429 U.S. 97, 104 (1976) (noting that "a pro se complaint . . . can only be

dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.")  Accordingly,

because this appeal presents us with no substantial question, we will summarily affirm the

decision of the district court.[2]  <u>See</u> 3d Cir. LAR 27.4 and IOP 10.6.

_____

[2]  Bacon, in error, filed a motion to appoint counsel on appeal with the district court.  Had the motion been properly filed with this court we would have denied it.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993) (in deciding whether to make an appointment, the court must determine, as a threshold matter, if the claim has arguable merit in fact and law).